UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN CHARLES EDGARD,

    Petitioner,

v.                                       Case No:  2:11-cv-314-FtM-38CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**OPINION AND ORDER[1]**

    Petitioner Jean Charles Edgard ("Petitioner" or "Edgard"), initiated this action by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on May 23, 2011.[2] Pursuant to the Court's Order to respond and show cause

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document.  <u>Id.</u>  If applicable, the Court  also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).  Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would

why the Petition should not be granted (Doc. #5), Respondent filed a Response (Doc. #10, Response) on October 20, 2011, incorporating a motion to dismiss the Petition on the grounds that it is time-barred pursuant to 28 U.S.C. § 2244(d).[3]  Respondent submits exhibits in support of the Response (Exhs. 1-12).  See Appendix of Exhibits (Doc. #12).

---

be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

[3]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner filed a reply to the Response (Doc. #15, Reply). This matter is, therefore, ripe for review.

Edgard challenges his judgment of conviction for capital sexual battery entered by the Twentieth Judicial Circuit Court, Collier County, Florida (case number 03-3026-CF). Petition at 1; Exh. 1 at 51-58. Edgard was sentenced to life imprisonment. Petition at 1; Response at 2; Exh. 1 at 59-61. Edgard's sentence and conviction were *per curiam* affirmed on direct appeal on October 19, 2005. See Exh. 4. Consequently, Edgard's state conviction became final on Tuesday, January 17, 2006. See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (conviction became final ninety days after entry of the judgment or order sought to be reviewed); Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2011) (explaining that the order entering judgment and not the date of mandate is the date used when calculating when a sentence became final after direct appeal).[4] Petitioner's conviction became final after the April 24, 1996 effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on January 17, 2007.[5] Consequently, the Petition filed in this Court on May 23, 2011, would be untimely, unless

---

[4] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, 314 days of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on November 27, 2006. See Response at 3, 6; see Exh. 5. The Second District Court of Appeal issued an order *per curiam* affirming the postconviction court's order denying Petitioner's Rule 3.850 motion on September 16, 2009. Response at 6. Edgard's motion for rehearing was denied on October 23, 2009. Exh. 9. Giving Petitioner the benefit of tolling the time from the date he filed his first Rule 3.850 motion on November 27, 2006 through October 23, 2009, the date rehearing was denied on appeal, Petitioner had until December 13, 2009 to file his federal § 2254 Petition (October 23, 2009 + 51 days remaining). Edgard did not file his next posconviction motion, a Rule 3.800 motion, until May 20, 2010. Exh. 10. However, by that time, Petitioner's AEDPA period had lapsed, and this motion could not operate to toll the statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations period cannot toll the limitations period because there is no remaining period to be tolled). Consequently, the subsequent motion for postconviction relief filed by Petitioner, whether timely filed under Florida law or whether properly filed, is inconsequential for purposes of determining the timeliness of the Petition *sub judice*. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-

27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Thus, the instant Petition filed May 23, 2011, is due to be dismissed as untimely.

Petitioner argues that the AEDPA statute of limitations is an unconstitutional suspension of the writ. Reply at 2. Petitioner also argues that the Petition is not untimely because he is "actually innocent" because the victim was not less than 12 when the offenses occurred. Id. at 5.

To the extent Petitioner argues that enforcing the AEDPA limitations period amounts to a violation of the Suspension Clause, such an argument has already been rejected by the Eleventh Circuit Court of Appeals. See Wyzkoowski v. Dep't of Corr., 226 F.3d 1213, 1217-18 (11th Cir. 2000) (concluding that, as a general matter, § 2244(d)(1)'s one-year statute of l imitations does not per se constitute a suspension of the writ of habeas corpus).

Petitioner's actual innocence argument fails as well. The Supreme Court has recognized that actual innocence may serve as a gateway to reach the merits of a procedurally-barred claim. McQuiggin v. Perkins, 569 U.S. ____, 133 S. Ct. 1924, 1928 (2013); San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). This requires the petitioner to produce new reliable evidence, that was not presented at trial, and to establish "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. at 1928 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995); House v. Bell, 547 U.S. 518, 538 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met). "[A]ctual innocence' means factual innocence, not mere legal insufficiency." San Martin, 633 F.3d

at 1268. Here, Petitioner has made no such showing, particularly considering Petitioner's argument amounts to mere legal insufficiency, not actual innocence. Rozzelle v. Secretary, Florida Dep't of Corr., 672 F.3d 1000, 1013 (11th Cir. 2012).

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 649 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d at 1267. Petitioner has not satisfied the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Based upon the foregoing, the Court finds the Petition is time-barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition is DISMISSED as time-barred with prejudice.

2. The Clerk shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke,</u> 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE and ORDERED in Fort Myers, Florida on this 30th day of April, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record